Matter of Elliot Z. (Joseph Z.) (2018 NY Slip Op 06547)





Matter of Elliot Z. (Joseph Z.)


2018 NY Slip Op 06547


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-12458
 (Docket No. N-5038-06)

[*1]In the Matter of Elliot Z. (Anonymous), appellant. Administration for Children's Services, petitioner; Joseph Z. (Anonymous), et al., respondents; Brad Nacht, nonparty-respondent.


The Legal Aid Society, New York, NY (Tamara A. Steckler and Marcia Egger of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the child appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated November 28, 2016. The order denied the child's motion to relieve his guardian ad litem.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the child's motion to relieve his guardian ad litem is granted.
The subject child was born in 1998 and was diagnosed with Down syndrome, sensory hearing loss, and other profound disabilities that rendered him nonverbal. In 2010, the Family Court placed the child in the care of the Administration for Children's Services, and the child has remained in foster care since that time. Throughout these proceedings, an attorney from the Legal Aid Society was assigned as the attorney for the child and, due to the child's profound disabilities, substituted judgment for him during the proceedings and provided consent for his various medical needs. In 2016, a few days before the child turned 18, the court, sua sponte, appointed the child a guardian ad litem in order to provide consent for the child to remain in foster care beyond his 18th birthday. The child moved to relieve the guardian ad litem, arguing that the appointment of a guardian ad litem was unnecessary because the attorney for the child, whose appointment did not terminate when the child turned 18 (see Family Ct Act §§ 1016, 1090[a]), could provide consent for him to remain in foster care. The court denied the motion. The child appeals.
Initially, contrary to the contentions of the attorney for the child, the appeal is not academic, as a decision affirming or reversing the order appealed from "will result in immediate and practical consequences to the parties" in the form of the guardian ad litem continuing to represent the child's interests with respect to whether he remains in foster care or the guardian ad litem being relieved of his duties in this case (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 199 [internal quotation marks omitted]).
We disagree with the Family Court's determination to deny the child's motion to relieve the guardian ad litem. Family Court Act §§ 1016, 1087, and 1090(a), and 22 NYCRR 7.2(d)(3), read in conjunction with each other, authorize the attorney for the child to represent the child's interests in this matter, substitute its judgment for that of the child, and provide consent for [*2]the child to remain in foster care, thereby rendering the appointment of a guardian ad litem unnecessary (see Family Ct Act §§ 1016, 1087, 1090[a]; 22 NYCRR 7.2[d][3]).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court